UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALFRED MCZEAL, SR.** | **CIVIL ACTION NO. 05-1080** |
| **VS.** | **JUDGE DOHERTY** |
| **SOUTHERN CONSUMERS COOP, INC., ET AL.** | **MAGISTRATE JUDGE HILL** |

## ORDER

Pending before this Court for determination is the plaintiff's "Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgement." [rec. doc. 47]. By this Motion, plaintiff requests that the court enter judgment against the defendants on his claims asserted under both the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. and the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §1961, et. seq. This court has determined that plaintiff's contract with his former employer, SCC, constitutes a "plan" covered by ERISA, and accordingly, that this court has federal question jurisdiction over McZeal's ERISA claim. [rec. doc. 41]. Thus, under the applicable statutes and jurisprudence and in accordance with this court's standard procedures for determination of ERISA claims, this court will determine whether McZeal was improperly denied benefits due to him under the plan.[1]

---

[1] As a general rule, ERISA actions brought by private individuals are limited to a review of a denial of claims for benefits due under a plan pursuant to 29 U.S.C. § 1132(a)(1)(B) which provides, "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Although it also appears that McZeal is asserting various claims for breaches of fiduciary duties by the plan administrators, the relief for such violations is not a declaration of benefits due under the plan or an order enforcing payment of such benefits, but rather, an order requiring restoration of plan assets. Thus, it is not clear that summary judgment on

The court recently issued an Order requiring the defendants to file a Motion addressing the adequacy of McZeal's response to this court's Case Specific RICO Order. [rec. docs. 42 and 43].  The defendants' response is not yet due.  Thus, this court has not yet determined if this court has jurisdiction to consider plaintiff's RICO claims.  Accordingly, the instant Motion is premature.

The court recognizes McZeal's desire for a rapid resolution to this action.  Nevertheless, this case will proceed under this court's routine procedures for handling ERISA and RICO actions.  Accordingly, Mr. McZeal shall refrain from filing further Motions until this court has completed its initial review of his claims.  Under the circumstances;

The plaintiff's "Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgement" [rec. doc. 47] is **premature and therefore, DENIED.**

February 16, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

these claims will result in the relief he ultimately seeks, payment of benefits due under the plan.