RECEIVED

JUL 1 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALFRED MCZEAL, SR. | CIVIL ACTION NO. 05-1080 |
| VERSUS | JUDGE DOHERTY |
| SOUTHERN CONSUMERS COOP, INC. ET AL | MAGISTRATE JUDGE HILL |

**JUDGMENT**

Currently pending before the Court is plaintiff's appeal [Doc. 56] from the Magistrate Judge's Order, which denied plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), or Alternatively Motion for Summary Judgment, on the basis the motion was premature.[1] [2] Because plaintiff's appeal (which is treated by this Court as an

---

[1] Pursuant to a Minute Entry of this Court issued January 19, 2007 [Doc. 45], "in addition to this Court's standing order of referral of non-dispositive pre-trial motions, all dispositive motions as well in this matter [have been] referred to Magistrate Judge Hill for issuance of a Report and Recommendation." Although the Magistrate Judge issued an "Order" rather than a "Report and Recommendation" ("R&R"), this Court will treat the Order as an R&R. See 28 U.S.C. § 636(b)(1)(A)(B)and(C); see also Federal Rules of Civil Procedure 72(b). The deadlines for objecting to an R&R and for appealing a dispositive ruling of a Magistrate Judge are the same - ten days from service. Plaintiff has had full opportunity to respond and object and has filed his response with the Court. Id.

[2] Plaintiff has asserted claims under both the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. and the Racketeer Influenced Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 et seq. As noted in the R&R, shortly before plaintiff filed the instant motion, the Magistrate Judge had ruled plaintiff's contract with his former employer constitutes an ERISA plan. An applicable ERISA case order had not yet issued (other than one issued in error, which was subsequently rescinded). The Magistrate Judge specifically found "under the applicable statutes and jurisprudence and in accordance with this court's standard procedures for determination of ERISA claims, this court will determine whether McZeal was improperly denied benefits due to him under the plan." [Doc. 52, p. 1]

With regard to the RICO claim, the Magistrate Judge noted he had only recently issued an Order requiring defendants to file a motion addressing the adequacy of plaintiff's response to the court's case specific RICO order, and defendant's response was not due at the time this Order (deemed an R&R) issued. Consequently, the Magistrate Judge had not yet determined if the Court had jurisdiction to consider plaintiff's RICO claims. Due to the foregoing, the motion was deemed premature in its entirety.

"objection" - see footnote 1) is untimely and does not change the correct result of the Magistrate's Ruling, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation, and plaintiff's motion is DENIED as premature.

The R&R [Doc. 52] was signed and filed into the record on February 16, 2007. Rule 72 of the Federal Rules of Civil Procedure provides that when dispositive motions are assigned to a magistrate judge without consent of the parties (as in this case), a party who wishes to object to the recommended disposition of the matter must "serve and file specific, written objections to the proposed findings and recommendations" within ten days after being served with a copy of the recommended disposition. F.R.C.P. 72(b). Rule 74.1W of the Uniform Local Rules of the United States District Courts for the Western District of Louisiana also requires a party to file objections to a Magistrate Judge's R&R within ten days of receipt of a copy of the R&R.

In this matter, plaintiff did not file a "Notice of Appeal" until March 16, 2007 - twenty-seven days from issuance of the Magistrate Judge's Order. Furthermore, plaintiff's "Notice of Appeal" was not accompanied by any "specific, written objections" nor any other type of information or argument upon which the Court could ascertain the nature of plaintiff's objection.[3] Rather, it was not until April 9, 2007 - fifty-one days from issuance of the Magistrate Judge's Order - that plaintiff submitted the substantive bases of his objections by way of a "Memorandum in Support of his Appeal."

Due to the foregoing, the Court hereby CONVERTS the Magistrate Judge's Order [Doc.

---

[3] The Notice of Appeal says only that plaintiff appeals the "ORDER denying Motion for Judgment on the Pleadings or alternatively Motion for Summary Judgment. Signed by Judge C. Michael Hill on 2/16/07. (Entered: 02/20/2007) 02/21/2007 Doc#52." No substantiative information is provided.

52] to a Report and Recommendation, reviews the Report and Recommendation and plaintiff's filings and finding no error, ADOPTS the Report and Recommendation in its entirety. Thus, plaintiff's Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgment, is DENIED as premature.[4]

THUS DONE AND SIGNED this ___17___ day of ___July___, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 7/18/07
BY: CW
TO: RFD
    CS

---

[4] The Court notes merely as dicta, had plaintiff's objections been timely filed, it would have taken the same action, finding no error in the Magistrate Judge's Report and Recommendation.

-3-