# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALFRED MCZEAL, SR.** | **CIVIL ACTION NO. 05-1080** |
| **VS.** | **JUDGE DOHERTY** |
| **SOUTHERN CONSUMERS COOP, INC., ET AL.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss RICO Claims filed by defendants, Southern Consumers Cooperative, Inc. ("SCC"), the People's Enterprise, Inc. ("Peoples"), Southern Development Foundation, Inc. ("SDF"). John Freeman, Albert J. McKnight, Howard McZeal, John Bess and Bipin Pandya. [rec. doc. 54].

## PROCEDURAL HISTORY AND ANALYSIS

This case has been filed pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. and Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §1961, et. seq. The parties were advised of the undersigned's concerns as to whether this court has jurisdiction to consider either of plaintiff's claims. Accordingly, to assist this court in determining whether federal jurisdiction is present, with respect to plaintiff's ERISA claim, the parties were Ordered to file various documents and pleadings into the record. [*See* rec. doc. 32].

Thereafter, the court has determined that plaintiff's contract with his former employer, SCC, constitutes a "plan" covered by ERISA, and accordingly, that this court has federal question jurisdiction over McZeal's ERISA claim. [rec. doc. 41]. Those claims will be determined in accordance with the applicable statutes and jurisprudence and in accordance with this court's standard procedures for determination of ERISA claims.

With respect to McZeal's RICO allegations, this court issued a Case Specific RICO Order requiring McZeal to file answer's to this court's RICO disclosures. [rec. doc. 40]. Following McZeal's response to this court's Case Specific RICO Order, the court issued an Order requiring the defendants to file a Motion addressing the adequacy of McZeal's response. [rec. docs. 42 and 43].

While the defendant's response to this court's Order was outstanding, McZeal filed a "Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgement." By this Motion, plaintiff requested that the court enter judgment against the defendants on his claims asserted under both the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. and the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §1961, et. seq. [rec. doc. 47]. That Motion was denied by the undersigned as premature. [rec. doc. 52].

McZeal appealed this court's ruling to District Judge Doherty. [rec. doc. 56]. On July 17, 2007, after converting the undersigned's ruling to a Report and Recommendation, Judge Doherty adopted the Report and Recommendation in its entirety and denied plaintiff's Motion

for Judgment on the Pleadings, or alternatively, Motion for Summary Judgement as premature, noting both that plaintiff's "objection" was untimely filed and in any event did not change the correct result of the undersigned's ruling. [rec. doc. 66].

Thereafter, McZeal filed a Notice of Appeal seeking appellate review of Judge Doherty's Judgment denying his Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgement. [rec. doc. 67].  That appeal remains pending in the United States Fifth Circuit Court of Appeals.

In the interim, in response to this court's prior Order, the defendants filed the instant Motion to Dismiss plaintiff's RICO claims. [rec. doc. 54].   In this Motion, the defendants assert that McZeal has failed to allege several elements of the RICO claims he attempts to assert and consequently he has no cognizable RICO action, that his claims are prescribed because they have been filed after the four year limitation period for such has expired, and that he has failed to plead RICO predicate acts with particularity as required by FRCP 9(b).

Plaintiff has filed Opposition to the Motion[1] in which he contends that his pleadings satisfy the FRCP Rule 9(b) particularity requirement, that his claims are timely filed, that he has properly pleaded claims under the federal RICO statute and that the defendants' Motion is "deficient" because it relies on the June 9, 1995 Independent Special Master Report of J. Stephen Gardes filed under seal in a closed case in this court (number 6:95cv246) and the

---

[1] The pleadings is styled as an "Answer, and Objections to Defendant's Motion to Dismiss RICO Claim and Request for Entry of Summary Judgment Sue Sponte."  However, the pleading contains no statement of material facts as required for entry of summary judgment. *See* LR 56.1.  Therefore, the clerk properly construed the pleadings as an opposition to the instant Motion to Dismiss.

"deficient" affidavit of John Freeman. Alternately, McZeal requests leave to amend any deficiencies in his Complaint. [rec. doc. 60].

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Thus, the filing of a Notice of Appeal divests the district court of jurisdiction over all matters involved in the appeal. However, the district court may still proceed with matters not involved in the appeal. *Alice L. v. Dusek,* -- F.3d --, 2007 WL 2002912 (5th Cir. 2007) *citing Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir.1981). How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal. *Id.*

In this case, McZeal has appealed the denial of his Motion for Summary Judgment on his RICO claims, and that appeal is currently pending. The instant Motion to Dismiss seeks dismissal of those same RICO claims. Under these circumstances, it appears that the filing of plaintiff's Notice of Appeal has divested this court of jurisdiction over the adequacy and validity of plaintiff's RICO claims. Accordingly, it is recommended that the defendants' Motion to Dismiss [rec. doc. 54] be **dismissed**, reserving the defendants' right to re-urge the Motion after the United States Fifth Circuit Court of Appeal issues its ruling on plaintiff's pending appeal.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 28th day of August, 2007, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE