# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED MCZEAL, SR. | CIVIL ACTION NO. 05-1080 |
| VS. | JUDGE DOHERTY |
| SOUTHERN CONSUMERS COOP, INC., ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

With respect to the claims asserted by the plaintiff, Alfred McZeal, Sr. ("McZeal"), under ERISA, both parties have been previously advised that this court would consider the preclusive effect, if any, of the June 18, 2008 Judgment rendered by a Louisiana state court in connection with McZeal's breach of contract action, asserted under Louisiana state law, in which McZeal was awarded monthly past due retirement benefits. [rec. docs. 77 and 83]. A copy of that Judgment is attached hereto as Court Exhibit "A".

For the reasons which follow, on the record before this court, the undersigned recommends that the court find that, with respect to plaintiff's ERISA claims, the state court judgment has no preclusive effect under either the principle of *res judicata* (claim preclusion) or under the principle of issue preclusion (collateral estoppel).

## LAW AND ANALYSIS

McZeal has broadly asserted that the state court judgment conclusively demonstrates that the alleged fiduciary defendants have breached their fiduciary

1

obligations under ERISA and further demonstrates their negligence under Louisiana state law. [*see* rec. doc. 84, pg. 6].

The defendants argue that the prior state court judgment did not address any fiduciary duty allegedly owed by the defendants under ERISA, nor any alleged negligence by these defendants, and, hence, has no preclusive effect.[1] To the contrary, they assert (without supporting documentation) that McZeal's state law claims, including those for negligence, were dismissed on defense Motion for Summary Judgment, and that, in any event, ERISA does not recognize a cause of action for negligence.[2] [rec. doc. 94].

The Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir.2000); *Sevin v. Parish of Jefferson*, 2008 WL 5273718, *6 (E.D. La. 2008) (Vance, J.). This is true even when, as here, a suit raises a federal question or seeks to vindicate federal constitutional rights. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-85, 104 S.Ct. 892, 79

---

[1] The defendants further assert that to the extent that the plaintiff relies on the judgement as preclusive on the issue of past amounts owed under the contract, the judgement serves as the basis for issue preclusion (collateral estoppel) and *res judicata* (claim preclusion). However, because McZeal has a judgement allowing him to recover the retirement benefits owed to him, his claim before this court is duplicative and should be dismissed. Because this court does not construe McZeal's claims as seeking a judgment for benefits owed under the terms of his plan, or for clarification of his rights to future benefits, the undersigned will not address this argument.

[2] To the extent that, by these allegations, the defendants assert that McZeal's negligence claim is barred by *res judicata* (because of the state court's grant of summary judgment or on grounds of "claim splitting"), their right to seek summary judgment on properly supported motion is reserved.

2

L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 96-105, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Sevin,* 2008 WL 5273718 at *6. Consequently, the Court must look to Louisiana's preclusion statute, Louisiana Revised Statute § 13:4231, in order to determine the preclusive effect, if any, of the June 18, 2008 Judgement.

The Louisiana preclusion statute, enacted in 1991, "embraces the broad usage of the phrase 'res judicata' to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Mandalay Oil & Gas. L.L.C. v. Energy Development Corp.*, 867 So.2d 709, 713 (La.App.2002); *Sevin,* 2008 WL 5273718 at *6. Because § 4231 is modeled on federal preclusion doctrine and the Restatement of Judgments, federal jurisprudence may be consulted when the relevant Louisiana cases leave doubt as to the meaning of the statute. *In re Keaty*, 397 F.3d 264, 271 (5th Cir.2005); *Sevin,* 2008 WL 5273718 at *6.

With respect to *res judicata* (claim preclusion), Louisiana Revised Statute 13:4231(1) provides in relevant part that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in" a "valid and final judgment" entered in favor of the plaintiff. This general rule of *res judicata* is subject to exceptions set forth in Louisiana Revised Statute 13:4232, including "when exceptional circumstances justify relief from the res judicata effect of the judgement." La.R.S. 13:4232(1).

The undersigned concludes that one such circumstance is when the rendering state court has no jurisdiction over the related action sought to be asserted in federal court. In *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381-382, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Supreme Court noted that state preclusion law would not have occasion to address the preclusive effect of a state court judgment on a later action that can be brought only in federal court. The Court instructed that for those cases, federal courts must ask if state preclusion law addresses the more general question of whether preclusion bars related actions over which the rendering state court had no jurisdiction. *Id*. at 382, 105 S.Ct. 1327 (relying on Restatement (Second) of Judgments § 26(1)(c) (1982)). "If state preclusion law includes [a] requirement of prior jurisdictional competency, which is generally true, a state judgment will not have . . . preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts." *Marrese,* 470 U.S. at 382 (relying on Restatement (Second) of Judgments § 26(1)(c) (1982)). In other words, "[t]o the extent that state preclusion law indicates that a judgment normally does not have claim preclusive effect as to matters that the court lacked jurisdiction to entertain," the state court judgment does not bar a subsequent federal claim over which the federal courts have exclusive jurisdiction. *Id.* at 383.

Louisiana preclusion law requires prior jurisdictional competency for a judgment to have any claim preclusive effect. The Louisiana Supreme Court has held that "[t]o have any preclusive effect a judgment must be valid, that is, among other things, it must

4

have been rendered by a court with jurisdiction over the subject matter." *Kelty v. Brumfield*, 633 So.2d 1210, 1215 (La. 1994) *citing* La.R.S. 13:4231, comment (d).

Moreover, "[a] claim is not barred by res judicata if the court in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim." *Kelty v. Brumfield*, 633 So.2d 1210, 1215 (La. 1994) *citing* La.R.S. 13:4231, comment (d) and Restatement (Second) of Judgments § 26(1)(c) (1982) (other citations omitted); *see also King v. Young Properties*, 893 So.2d 895, 898-899 (La. App. 3rd Cir. 2004).

In making this determination, the Louisiana Supreme Court in *Kelty* relied on section 26(1)(c) of the Restatement (Second) of Judgments which contains an exception to the general rule which prohibits claim splitting by the plaintiff. That section of the Restatement provides that the general rule of extinguishment upon obtaining a final judgment does not apply to a second action by the plaintiff against the defendant when:

> (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts . . . and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief . . . .

This exception permits a second suit if a jurisdictional obstacle precluded the plaintiff from raising the claim in the first action.

That is the case herein. Unlike his prior state court action, in this action, plaintiff does not seek to recover benefits due him under the terms of his ERISA plan, nor does he seek to clarify his rights to future benefits under the plan. *See* 29 U.S.C. § 1132(a)(1)(B).

5

Rather, plaintiff seeks redress under ERISA sections 1104 and 1109 against alleged plan fiduciaries for claimed breaches of their responsibilities, obligations and duties imposed under ERISA pursuant to § 1132(a)(2), and equitable relief pursuant to § 1132(a)(3).

While state courts have concurrent jurisdiction over actions for benefits under subsection (a)(1)(B), federal district courts have exclusive jurisdiction of civil actions brought under subsections (a)(2) and (3). 29 U.S.C. § 1132(e)(1).  Thus, McZeal could not have brought the present ERISA action in his state court suit because the state court lacked subject matter jurisdiction to adjudicate plaintiff's present federal ERISA claims. Accordingly, *res judicata* (claim preclusion) does not apply to bar to McZeal's present ERISA action.

Likewise, McZeal cannot rely on the June 18, 2008 state court judgement as having any *res judicata* (claim preclusive) effect in the present ERISA action.  The Louisiana state court was not competent to render any judgment with respect to McZeal's present federal ERISA claims for alleged breaches of fiduciary duties.  As such, the state court judgment does not constitute a "valid and final judgment" as required under Louisiana law with respect to these claims. Hence, any judgement rendered by the state court with respect to these ERISA claims, over which this court enjoys **exclusive** subject matter jurisdiction, is invalid and cannot be used by McZeal as a basis for claim preclusion.  *See Kelty v. Brumfield* and *King v. Young Properties, supra.*

With respect to issue preclusion (collateral estoppel), Louisiana Revised Statutes 13:4231(3) provides in relevant part that a "valid and final judgment" entered "in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." This provision requires that four elements must be met before an earlier "valid and final judgment" will preclude re-litigation of an issue: "(1) the parties must be identical; (2) the issue to be precluded must be identical to that involved in the prior action; (3) the issue must have been actually litigated; and (4) the determination of the issue in the prior action must have been necessary to the resulting judgment." *In re Keaty*, 397 F.3d at 270-71 *citing Charpentier v. BG Wire Rope & Slings, Inc.*, 174 B.R. 438, 44 n. 1 (E.D.La.1994); *see also Matter of Whittaker*, 225 B.R. 131, 139 (E.D.La.1998); *Sevin*, 2008 WL 5273718 at *6.

The undersigned finds that issue preclusion (collateral estoppel) does not apply in the present action as the elements necessary to preclude re-litigation of the issues presently before this court are not met. The state court judgment was rendered solely against Southern Consumers Cooperative, Inc., under Louisiana law, for its breach of the terms of the contract entered in between it and McZeal. The remainder of the defendants, presumably the alleged fiduciary defendants named herein, were dismissed, apparently on prior defense motion, and their rights to move for sanctions against McZeal was reserved in the judgment. Thus, it does not appear that the parties in both suits are identical. More

importantly, there was no need for the state court, in the context of a state law breach of contract action, to have addressed whether any of the alleged fiduciary defendants were in fact fiduciaries under ERISA, and, if so, whether any of them breached an obligation or duty owed by them to McZeal under ERISA, nor was there any need for the state court to address any claim of negligence, whether asserted under Louisiana or federal law. Thus, it is clear that the issue, or issues, sought to be precluded in this litigation are not identical to those involved in the prior state court action, that these issues were not actually litigated in the prior action and that these issues were in no necessary to the resulting state court judgment.

## CONCLUSION

Based on the foregoing, it is recommended that the court find that, with respect to plaintiff's ERISA claims, the state court judgment has no preclusive effect under either the principle of *res judicata* (claim preclusion) or under the principle of issue preclusion (collateral estoppel).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 20th day of March, 2009, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE