RECEIVED

MAY - 7 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALFRED MCZEAL, SR. | CIVIL ACTION NO. 05-1080 |
| VERSUS | JUDGE DOHERTY |
| SOUTHERN CONSUMERS COOP, INC. ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a "Motion for Recusal of the Honorable Judge Doherty & Magistrate Judge Hill Under Section 455, with Supporting Affidavit Under 28 U.S.C. Sec 144," filed by plaintiff on March 4, 2009. [Doc. 100] Plaintiff's affidavit, filed pursuant to 28 U.S.C. § 144 ("Bias or prejudice of judge"), alleges, in pertinent part, the following:

1. "As stated in my motion filed under 28 USC 455, I believe that Judge Doherty should be disqualified in my case, due to the circumstances stated in my motion, and this affidavit, and her impartiality in these proceedings can be reasonably questioned, and mainly because she and magistrate judge Hill has [sic] a personal biased [sic] or prejudice against me." [Affidavit ¶ 3]

2. This Court's orders in a 1995 case filed by Alfred McZeal, Jr. (plaintiff's son) "allowed these same defendants to proceed in Control of Southern Consumers Coop, Inc. which ultimately squandered my retirement and ERISA funds, which have yet to be paid by any of the defendants, including Southern Consumers Cooperative, Inc." [Affidavit ¶ 4]

3. This Court "cannot be fair and impartial in these proceedings because a sealed report issued by her [Judge Doherty's] personal CPA, Stephen Gardes, in a case not associated with my case, is allowed to be used and referenced in this case by defendants [sic] John Freeman, who has consistently filed affidavits and made referenced [sic] to the said sealed report." [Affidavit ¶ 5]

4. Plaintiff is being denied due process because "a state court judgment entered relative to my retirement and ERISA funds is not being respected in accordance with governing law." [Affidavit ¶ 6]

5. Plaintiff is of the opinion he cannot "get a fair and impartial trial" with Magistrate Judge Hill "because he allows affidavits and improper evidence . . . without stricking [sic] the same

from the record as being improper." [Affidavit ¶ 7]

6. Plaintiff is of the opinion he cannot "get a fair and impartial trial with magistrate judge Hill, because he is under the direct supervision of Judge Doherty, and is believed to make judicial decisions based on the guidance of Judge Doherty, which is prejudicial to me, in favor of defendants, including defendant Howard McZeal, a convicted felon, who is alleged to have assisted in stealing and laundering monies related to my retirement and ERISA funds." [Affidavit ¶ 8]

7. Plaintiff is being denied due process because the Court has not ruled on some of his motions, the matter is not set for trial, "and much time has been wasted as a result thereof." [Affidavit ¶¶ 9 - 12]

Plaintiff's motion, brought pursuant to 28 U.S.C. § 455 ("Disqualification of justice, judge, or magistrate judge"), seeks the recusal of Judge Doherty and Magistrate Judge Hill, on the basis plaintiff is "being denied due process." Plaintiff supports this assertion with the following allegations:

1. "Plaintiff believes he cannot have a fair and impartial trial, ... because the judge's expression of an opinion about the merits of this case, or familiarity with the facts, or the parties in past related case [sic] have originated in a source outside the case itself, (namely McZeal [Jr.] vs. [Howard] McZeal 95-CV246), and McZeal Jr. vs. Southern Consumers Coop, et al, 05-CV-462) for which plaintiff McZeal, Sr. was not a party. Judge Doherty administered both cases, and whilst plaintiff McZeal [Sr.] was not a party, judgments in the prior 95 case certainly affected his retirement from SCC. Howard McZeal (convicted felon) is one of the same defendants complained of here."[1] [Doc. 100-1, p.1]

2. "Plaintiff recently obtained a state court judgment related to his retirement with SCC, and for which a certified copy has been placed on record in this case, and for which full faith and credit should have been given under 28 USC 1738. Defendants SCC, and its managment [sic] company SDF, have failed to pay this judgment, and moreover the court has not given this state court judgment the same full faith and credit as mandated by 28 USC 1738. ... In this case plaintiff can not even get the full faith and credit of his judgment as mandated by law. This suggests some prejudicial treatment against the plaintiff, in favor of defendants, SCC." [Doc. 100-1, p.2][2]

---

[1] Plaintiff does not cite the Court to any instances of the Court's "expression of an opinion about the merits of this case, or familiarity with the facts," etc.

[2] Plaintiff never states (either in the motion or affidavit) precisely what he means when he states he "can not even get the full faith and credit of his judgment as mandated by law." The Court presumes plaintiff is referencing a "Motion for Judgment on the Pleadings, or Alternatively Partial Summary

3. "Plaintiff is being denied due process in that several motions filed by the plaintiff including the partial summary judgment motion for injunctive relief, relative to retirment [sic] benefits, filed as early as 5/16/2008, has [sic] yet to be ruled upon.[3] Defendants, including Howard McZeal (a convicted felon), John Freeman are allowed to make reference in motions to a sealed report by Stephen Gardes (Judge Doherty's personal accountant) from another case, shows prejudice against the plaintiff, and in favor of Defendants.[4] Finally, no action has been taken in this case since 10/22/08, approximately six months with no answer to plaintiffs' prior motions."[5] [Doc. 100-1, p.3]

---

Judgment..." he filed on July 31, 2008. [Doc. 84] In that motion, plaintiff argues he is entitled to a judgment in his favor, in part, because "the Louisiana state court judgment for 'breach of contract' entered against defendant SCC ... on June 18, 2008 further demonstrates defendants negligence and breaches of its fiduciary duties, namely failure to monitor the plan, make payments under the plan, and to avoid conflicts of interest relative to plaintiff's retirement benefits." [Doc. 84, p.6] A Report and Recommendation on the motion was issued by the Magistrate Judge on March 20, 2009. (The Court notes on June 18, 2008, a trial was held and a judgment was entered in state court in favor of plaintiff herein and against SCC. That judgment found "[T]hat a valid and enforceable contract to pay retirement benefits was entered between the parties. Plaintiff is entitled to judgment in the amount of $67,949.89...." [Doc. 84-3] Due to the foregoing, disposition of plaintiff's motion for judgment on the pleadings (as well as an earlier filed Motion for Partial Summary Judgment [Doc. 74]) was delayed so that the Magistrate Judge could conduct a review of any issues related to issue preclusion or collateral estoppel. The ruling was also delayed due to an appeal by plaintiff to this Court from an Order issued by the Magistrate Judge. [Doc. 78])

[3]The Court would refer the reader to note 2 of this Ruling.

[4]The Court presumes plaintiff is referring to defendant's Motion to Dismiss RICO claims [Doc. 54] and defendant's opposition to plaintiff's motion for partial summary judgment [Doc. 94], although he does not specify the particular motions at issue. In both of those documents, defendants argue many of the acts Mr. McZeal alleges constitute violations of alleged fiduciary duties under ERISA, or acts which allegedly form the basis of RICO claims, were previously reviewed by a Special Master appointed by this Court in litigation brought by Mr. McZeal's son, Alfred McZeal, Jr., in Civil Action No. 95-CV-0246, a case involving similar allegations. In that matter, this Court ordered a Special Master (J. Stephen Gardes & Company, Certified Public Accountants) be appointed to examine various financial transactions and documents of People's Enterprises, Inc. The Special Master examined transactions dating back to 1989 and ultimately found "nothing came to our attention that caused us to believe there was intentional irregularities (fraud or defalcation)." [Doc. 54-4, p.3] From a review of the pleadings filed in this matter, it appears plaintiff herein first objected to the use of this document on March 20, 2007, and asked that it be stricken from the record. [Doc. 58] The Magistrate Judge found no basis for such a remedy. [Doc. 63]

[5]Again, the Court would refer the reader to note 2 of this Ruling.

## Applicable Law

### A. Timeliness

Motions for recusal under both §§ 144 and 455 are committed to the sound discretion of the trial court. Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1166 (5th Cir. 1982). The only inquiry on appeal is whether the trial court abused its discretion. Id. Motions for recusal under either statute must be made timely. 28 U.S.C. § 144; Travelers Ins. Co. v. Liljeberge Enterprises, Inc., 38 F.3d 1404, 1410 (5th Cir. 1994) ("[I]t is well-settled that – for obvious reasons – one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.").

The case presently pending before the Court was filed on June 21, 2005. The motion for recusal was filed on April 4, 2009 – almost four years after the suit was initially filed. As to plaintiff's argument this Court should recuse itself because it presided over two cases involving McZeal's relatives, particularly, McZeal v. McZeal, 6:95-CV-00246 (a matter which was filed on February 10, 1995 and settled by consent judgment on August 30, 1995) and McZeal v. Southern Consumers Coop, Inc., et al., 6:05-CV-00462 (a matter which was filed on March 14, 2005 and fully resolved by May 13, 2008), plaintiff has offered no evidence or argument as to why he failed to bring his motion for recusal immediately after this matter was assigned to this Court on June 21, 2005. Plaintiff should have been aware of both of those suits at the time plaintiff filed this lawsuit, as both lawsuits were filed earlier than his. However, plaintiff waited some four years after filing the instant matter to seek recusal.[6]

---

[6]One cannot help but notice plaintiff did not file his recusal motion until after several judgments issued, which were adverse to plaintiff.

-4-

As to the Gardes' report, plaintiff again has offered no evidence or argument as to why he failed to ask for recusal on that basis in 2007 when (as far as the Court can tell) the report was first filed into the record in this matter, as an attachment to defendants' Motion to Dismiss RICO claims.[7] Plaintiff's remaining assertions (his motions are not timely ruled upon/Magistrate Judge Hill bases his rulings "on the guidance of Judge Doherty") are more appropriately asserted either on appeal, or in a writ of mandamus, rather than in a motion for recusal. Accordingly, the Court finds plaintiff's motion and affidavit to be untimely.

While the Court denies the motion on the basis that it is untimely, nevertheless the Court will briefly address the legal sufficiency of plaintiff's affidavit and motion, due to the fact this matter has been appealed on several occasions, the motion seeks recusal of this Court and the Magistrate Judge assigned to this matter (a motion which the Court does not take lightly), and due to plaintiff's pro se status.[8]

**B.    28 U.S.C. § 144**

28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It

---

[7]The motion to dismiss was filed on February 23, 2007. [Doc. 54]

[8]"Because, as Judge [Eugene] Davis put it, 'Nothing is more important to our system of justice than to have impartial judges presiding over trials,' courts are justifiably reluctant to simply disregard an untimely claim." Chitimacha, 690 F.2d at 1165, n.3.

shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[9]

Section 144 relates only to charges of actual, personal bias.[10] In re: Faulkner, 856 F.2d 716, 720 n. 6 (5th Cir. 1988); U.S. v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977). "Moreover, for a bias to be personal, and therefore disqualifying, it 'must stem from an extra-judicial source. . . .'" In re: Corrugated Container Antitrust Litigation, 614 F.2d 958, 964 (5th Cir. 1980) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).[11]

Once a motion for disqualification is filed under § 144, it is the duty of the judge against whom the affidavit is filed to pass upon the legal sufficiency of the facts alleged; however, the judge may not pass on the truth of the matter alleged. Henderson v. Dept. of Public Safety & Corrections, 901 F.2d 1288, 1296 (5th Cir. 1990); Parrish v. Board of Com'rs of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975). To be legally sufficient, the affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they

---

[9]In Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658 (5th Cir. 1985) (citations omitted), the Fifth Circuit noted, "Section 144's language requires the moving party to file an affidavit 'not less than ten days before the beginning of the term at which the proceeding is to be heard....' Since formal terms of court were long ago abolished, the literal ten-day requirement no longer applies. Instead, courts have simply required a party to exercise reasonable diligence in filing an affidavit after discovering facts that show bias. Pomeroy filed her motion promptly after the judge made the offending remarks."

[10]By contrast, Section 455 "calls for disqualification not primarily for actual bias, but where certain enumerated circumstances exist." Faulkner, 856 F.2d at 720 n.6.

[11]As noted in Archbold-Newball:

> The very language of section 144 is expressed in terms of "personal" bias, and for good reason. Ours is not a system of disposable judges wherein members of the judiciary may be discarded after a single use. Yet, appellants would have this court declare that Judge Fay was disqualified from further participation in the case merely on the basis of knowledge he acquired in previous proceedings in his court. Anomalous consequences would result if we were to adopt this tortured interpretation of section 144.

Id. at 682.

would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial in nature. Henderson at 1296. An affidavit merely containing conclusory allegations, opinions or rumors, rather than personal knowledge of facts showing personal bias, is insufficient to require recusal. Plaquemines Parish School Board v. U.S., 415 F.2d 817 (5th Cir. 1969); Simmons v. U.S., 89 F.2d 591 (5th Cir. 1937); McClelland v. Gronwaldt, 942 F.Supp. 297 (E.D. Tx 1996).

C.  28 U.S.C. § 455

In the motion for recusal, plaintiff asserts disqualification is warranted under 28 U.S.C. § 455. Plaintiff has not designated which portion of that statute he is relying upon. The only portions of the statute which are possibly applicable state as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....[12]

---

[12] Section (b)(4) of the statute states as follows:

> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

At first glance, it would seem perhaps plaintiff has attempted to rely upon this section of the statute with regard to his complaints about references to the Gardes' report made by defendants. Even assuming plaintiff's allegation that Mr. Gardes' is the personal accountant for Judge Doherty were true, this provision of the statute would not appear to be applicable. Section (d)(4) defines "financial interest" as follows: "'financial interest' means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party...." Accepting as true for purposes of this motion that Mr. Gardes' is Judge Doherty's personal accountant does not equate to an ownership "interest in the subject matter in controversy or in a party to the proceeding." Furthermore, plaintiff has not addressed how any such "financial interest" could or would be substantially affected by the outcome of this proceeding. *See e.g.* In re City of Houston, 745 F.2d 925, 929-30 (5th Cir. 1984) (a

-7-

Like § 144, the alleged bias must be "personal," rather than judicial, in nature. Phillips at 1020. "The point of the distinction is that the bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" Id. (quoting United States v. Clark, 605 F.2d 939, 942 (5th Cir. 1979) (per curiam). "Thus, a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." Id.; *see also* In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 966 (5th Cir. 1980) ("We have long disclaimed any notion of no-deposit/no-return judges, disposable after one use")(internal quotations omitted).

As previously noted, a motion to disqualify brought under 28 U.S.C. § 455 is "committed to the sound discretion of the district judge." Chitimacha Tribe v. Harry L. Laws Co., 690 F.2d 1157, 1166 (5th Cir.1982). Such motions are reviewed for abuse of discretion. Weinberger v. Equifax, Inc., 557 F.2d 456, 464 (5th Cir.1977). "Courts should take special care in reviewing recusal claims so as to prevent parties from 'abus[ing] § 455 for a dilatory and litigious purpose based on little or no substantiated basis.'" Sensley v. Albritton, 385 F.3d 591, 598 (5th Cir. 2004) (quoting Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1409 n.8 (5th Cir.1994). As former Chief Justice Rehnquist noted, when considering a request for his own recusal, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Id. (quoting Laird v. Tatum, 409 U.S. 824, 837 (1972).

---

judge, who is a member of a 23(b)(2) class in a voting-rights case, does not have a sufficient interest in the case such that recusal is required); *see also* Tramonte v. Chrysler Corp., 136 F.3d 1025, 1029 ("A remote, contingent, or speculative interest is not a disqualifying financial interest under the statute").

28 U.S.C. § 455 requires recusal "if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." Sensley at 599. In conducting this review, courts must ask how the particular facts before them would appear to a "'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" Id. (quoting U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir.1995). "Moreover, courts should be cautious and discriminating in reviewing recusal motions." Id.

D. Analysis

In essence, the allegations contained in the affidavit and motion (with the exception of the allegations regarding the Court's personal accountant, and the Magistrate Judge's rulings being "based on the guidance of Judge Doherty" - which are addressed below) are complaints about rulings, issued by this Court or the Magistrate Judge, either in this proceeding or in earlier proceedings to which plaintiff was not a party. "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." Phillips v. Joint Legislative Committee on Performance and Expenditure Review of State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981). Plaintiff does not argue that this Court's rulings in this matter (or its rulings in other cases filed by other members of the McZeal family) have been anything but judicial in nature. While plaintiff may be of the opinion those rulings were incorrect, he has not enlightened the Court as to how those rulings were based upon anything other than evidence appropriately before this Court in a judicial setting. U.S. v. Archibold-Newball, 554 F.2d 665, 681-82 (5th Cir. 1997). This Court's rulings in all McZeal matters have been "based solely on information acquired, and conclusions reached, during the performance of [this Court's]

judicial duties." Id. at 681-82[13]; *see also* U.S. v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979)("Reading Judge Hodges' remarks in context clearly demonstrates that any predisposition to sentence volume drug offenders severely stemmed from his observations in a strictly judicial capacity as to the volume of such cases in the courts and the lack of deterrent effect of light sentences for such offenders").

With regard to plaintiff's allegation in the Affidavit that both this Court and Magistrate Judge Hill have a personal bias and prejudice against plaintiff, and this Court's impartiality should be questioned, the allegation is too vague and speculative to comply with either §§ 144 or 455. A review of the affidavit (as well as the motion) reveals plaintiff has not stated facts which are material to the issue of bias or prejudice, nor are the facts sufficiently particular. Plaintiff has only made a general and conclusory allegation of bias. Plaintiff's allegation, accepted as true, is insufficient to convince a reasonable man that a bias exists. The Fifth Circuit has consistently held a reasonable person would not be convinced that bias exists based upon pure speculation. *See e.g.* Chitimacha

---

[13]In Archbold-Newball, defendants in a criminal prosecution sought the disqualification of the trial judge "because of allegedly biased and prejudiced remarks" made at one of the defendant's bond hearing. Id. at 681. Defendant filed an affidavit, pursuant to § 144, based on four statements of the trial judge, to the following effect:

> (1) that he had already concluded, on the basis of three earlier trials involving the conspiracy charged in the indictment, that a conspiracy did in fact exist; (2) that he would "take those other trials into consideration;" (3) that he believed DEA agent Short to be a credible witness; (4) that he had concluded that there was an abundance of testimony in addition to Short's testimony that "these three individuals were members of a conspiracy that I can only describe as a large-scale conspiracy composed of the most vicious individuals that this court has ever seen."

Id. at 682. The Fifth Circuit held these statements did not require the trial judge to disqualify himself, as they were "based solely on information acquired, and conclusions reached, during the performance of his judicial duties." Id. If a judge need not disqualify himself where he has presided over a criminal defendant's bond hearing, and later conducts the trial of that same defendant, *a fortiari*, a judge, in a civil matter, need not disqualify him or herself where plaintiff alleges bias due to the court's rulings in matters to which plaintiff was not even a party.

Tribe of Louisiana, 690 F.2d at 1167(A reasonable person would consider suggestion of partiality mere speculation not justifying disqualification, where plaintiff merely makes nonspecific, conclusory allegations that judge may bear personal liability for matters in pending action based upon malpractice committed during judge's tenure as partner in his former law firm); Parrish at 101-02.

With regard to the allegation in both the affidavit and the motion that Mr. Gardes is Judge Doherty's personal CPA, even presuming the allegation is true, nothing in the allegation suggests, much less mandates recusal, nor has plaintiff explained the relevance of this allegation. *See e.g.* Andrade v. Chojnacki, 338 F.3d 448, 456 (5th Cir. 2003)(It was not grounds for disqualification where: (1) government counsel gave small courtesy gifts to judge's nonjudicial staff over course of trial, nor where (2) judge had longstanding relationship with dismissed government defendants, one of whom had made frequent appearances before judge as Assistant U.S. Attorney and the other of whom had served as Chief Judge on federal district court with judge whose recusal was sought - issue was mooted by defendants' dismissal from case, and "[i]n any event, no facts [were] proven to suggest that either prior relationship evinced[] characteristics that would even suggest, much less mandate, recusal"); Parrish v. Board of Com'rs of Alabama State Bar, 524 F.2d 98, 104 (5th Cir. 1975)(It was not grounds for disqualification of trial judge, in suit charging discrimination in administration of Alabama bar examination, that judge was a member of bar association, and association might be compelled to pay attorney's fees should plaintiff succeed; such facts did not give rise to a "financial interest" in the case); *see also* Smart v. Jones, 530 F.2d 64, 65 (5th Cir. 1976); Patterson v. Mobil Oil Corp., 335 F.3d 476 (5th Cir. 2003); Vieux Carre Property Owners, Residents and Associates, Inc. v. Brown, 948 F.2d 1436, 1448 (5th Cir. 1991). Moreover, plaintiff has merely

alleged that defendants have referenced the Gardes' report in their filings; plaintiff has made no allegation that this Court has made use the Gardes' report in any fashion in this matter. This Court does not customarily direct parties, pre-filing, as to what evidence they may reference in their motions, pleadings, etc. This allegation has no bearing as to the Court's bias or prejudice.

With regard to the allegation that Judge Hill "is believed to make judicial decisions based on the guidance of Judge Doherty," the allegation is based on pure speculation, and has not been stated with particularity, as it provides no facts in support.

Finally, with regard to the allegations contained in the motion and affidavit, concerning the pace at which this case is moving and the length of time it has taken for the Court to rule on various motions, such allegations are more appropriately the subject of an appeal, or a writ of mandamus.[14]

### Conclusion

Due to the foregoing, plaintiff's "Motion for Recusal of the Honorable Judge Doherty & Magistrate Judge Hill Under Section 455, with Supporting Affidavit Under 28 U.S.C. Sec 144" [Doc. 100] is DENIED in its entirety as untimely.

THUS DONE AND SIGNED this 7 day of May, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[14]Even the most cursory of reviews of the docket sheet in this matter reveals the myriad of reasons adjudication of this matter has been a rather slow and laborious process.